IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

------------------------------------------------------x

In the Matter of Complaint of:

DRONES MARINE LLC
11 Memorial Boulevard
Newport, RI 02840

as Owner of "Flying Colours," a 54-foot 1992 Little Harbor recreational sloop, for Exoneration or Limitation of Liability

------------------------------------------------------x

CIVIL ACTION
IN ADMIRALTY

No.

**COMPLAINT FOR EXONERATION**
**OR LIMITATION OF LIABILITY**

Drones Marine LLC ("Petitioner") as owner of the "FLYING COLOURS," a certain 54-foot 1992 Little Harbor recreational sloop, by and through its attorneys, Palmer Biezup & Henderson LLP, hereby petitions for exoneration or limitation of liability pursuant to 46 U.S.C. §§ 30505 and 30511, and in support thereof, avers upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Petitioner is a limited liability company organized and existing under the laws of the State of Rhode Island, having a registered office at 11 Memorial Boulevard, Newport, RI 02840.

3. The vessel which is the subject of this Petition is a 54-foot 1992 Little Harbor recreational sloop, Official No. 1032391 (hereafter "the Vessel").

4. At all material times, Petitioner was the owner of the Vessel and a party entitled to petition for exoneration or limitation of liability within the meaning of the Revised Statutes of the United States.

5. On or about May 7, 2007, while on the high seas during transit from St. Thomas in the Virgin Islands to Annapolis, Maryland, the Vessel and its crew went missing in a storm off the coast of North Carolina (hereafter "the Incident"). Despite an extensive search by the Coast Guard, the Vessel has not been found and is therefore presumed to be lost.

6. Prior to and at the commencement of the voyage during which the Incident occurred, Petitioner used due diligence to make the Vessel seaworthy for the service for which it was engaged.

7. Any and all losses, injuries and damages which are or may be claimed to have resulted from the Incident were not caused by or attributable to any fault, neglect or want of due care on the part of Petitioner or anyone for whom Petitioner may be responsible, and were occasioned and occurred without Petitioner's privity or knowledge.

8. Based upon the information presently available, claims have been or will be asserted which exceed the value of Petitioner's interest in the Vessel after the Incident, although Petitioner specifically denies the value of said claims.

9. There was no freight pending which was due and payable to Petitioner at the time of the Incident.

10. Upon information and belief, there were and are no unsatisfied liens or claims of lien pending against the Vessel arising from the Incident or the voyage.

11. Because the Vessel is presumed to be lost at sea, the value of Petitioner's interest in the Vessel after the Incident is zero.

12. Upon information and belief, at the time of the filing of this Petition, no suits relating to the Incident have been filed in any Court.

13. Petitioner denies liability for any loss, injury or damage which may be claimed by any person or entity arising out of the Incident, and Petitioner is entitled to a judgment of exoneration from liability.

14. In addition, and in the alternative, Petitioner claims the benefit of limitation of liability as provided in the Revised Statutes of the United States and the various amendments and supplements thereto, including 46 U.S.C. § 30505.

15. Petitioner is ready, able and willing and hereby offers to provide such security as this Court may direct, including security for costs in the amount of $1,000 in accordance with Local Admiralty Rule (f)(1), by depositing with the Court a bond in approved form.

16. Because the value of Petitioner's interest in the Vessel following the Incident is zero, the security required in support of Petitioner's Complaint amounts to $1,000.

17. All and singular, these premises are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, Petitioner prays:

A. That the Court order Petitioner to file a bond with surety for costs in the amount of $1,000, pending any demand by any claimant for appraisal of Petitioner's interest in the Vessel;

B. That the Court enter an Order directing the issuance of a monition to all persons claiming losses or injuries or damages alleged to have arisen or resulted from the Incident or occurring during the voyage upon which the Vessel was then engaged, citing them to appear before this Honorable Court and make due proof of their claims, and also to appear and answer the allegations of this Complaint according to the laws of this Court on or before a certain time to be fixed by the monition, or be thereafter barred from making any such claims against the Vessel or against Petitioner, its agents, representatives, crew members or any person on whose behalf Petitioner may be liable;

C. That the Court enter an Order directing that upon the filing of the said bond for costs, an injunction shall issue restraining the further prosecution of any and all suits, actions and proceedings which may have already begun to recover for alleged losses, injuries or damages sustained as a result of the Incident and further enjoining the commencement or prosecution thereafter of any suit, action or legal proceeding of any nature against Petitioner, its agents, representatives or any other person in respect to any claim or claims arising out of the Incident;

D. That the Court enter judgment in this proceeding (i) that Petitioner is not liable to any extent for any loss, injury or damage nor for any claim whatsoever in any way arising out of or in consequence of the Incident and, therefore, is entitled to exoneration, or (ii) if Petitioner shall be adjudged liable and if the claims are affirmatively proven, that such liability for all claims is limited to the value of the Petitioner's interest in the Vessel after the Incident and that such value is zero; or in the alternative, if the value of the Petitioner's interest in the Vessel be adjudged to be greater

than zero, that Petitioner shall be discharged from all liability upon the surrender of its interest in the Vessel and that the limitation fund shall be divided *pro rata* among any claimants as may duly prove their claims, saving to all any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability; and

E. That Petitioner may have such other and further relief as this Honorable Court may deem just and proper in the circumstances.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

By: ______________________

Stephen M. Calder
Bar No. 05660
620 Chestnut Street, Suite 956
Philadelphia, PA 19106-3409
Ph. (215) 625 9900
Fax (215) 625 0185
Email: scalder@pbh.com

Attorneys for Petitioner

Dated: May 25, 2007

PBH: 190119.1