**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **In the Matter of the Complaint of: DRONES MARINE LLC as Owners of "Flying Colours," a 54-foot 1992 Little Harbor Recreational sloop, for Exoneration or Limitation of Liability** | * | **Civ. Act. No.: 07-cv-1424-WDQ** |

MEMORANDUM OF LAW IN SUPPORT OF CLAIMANTS' MOTION TO TRANSFER CASE TO THE DISTRICT OF RHODE ISLAND

A motion to transfer a Complaint for Limitation of Liability is governed by Supplemental Rule F(9) of the Federal Rules of Civil Procedure. In re Norfolk Dredging Co., 240 F. Supp. 2d 532, 534 (E.D. Va. 2002). Supplemental Rule F(9) states:

> The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim. When the vessel has not been attached or arrested to answer the matters aforesaid, and the suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be, but if the vessel is not within any district and no suit has been commenced in any district, then the complaint may be filed in any district. For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district; if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought.

Pursuant to the last sentence of Supplemental Rule F(9), this case should be transferred to the District of Rhode Island for the convenience of the parties and the witnesses, in the interest of justice.

"The factors to be considered by [the Court] in determining whether a transfer is appropriate under Supplemental Rule F(9) are the same as those developed by the federal transfer statute, 28 U.S.C. § 1404(a)." Norfolk Dredging, supra. "These criteria include: (1) the

convenience of the parties; (2) the convenience of material witnesses; (3) the availability of process to compel the presence of witnesses; (4) the cost of obtaining the presence of witnesses; (5) the relative ease of access to sources of proof; (6) calendar congestion; (7) where the events in issue took place; and (8) the interests of justice in general." Id. at 534-535 (citations omitted). "The location of non-party witnesses is determinative." Id. at 537. Further, although "a plaintiff's choice of forum is ordinarily accorded considerable weight, [it will be] given little weight when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy." Id. at 538.

With respect to the convenience of the parties and the original choice of forum, the Complainant is a Rhode Island corporation. "It is generally presumed that the most convenient district for litigation [for a party] is the district within the closest physical proximity to a party." Caddy Products, Inc. v. American Seating Company, 2005 U.S. Dist. LEXIS 21871, 4 (D. Minn. 2005); Morales v. Navieras de Puerto Rico, 713 F.Supp. 711, 713 (S.D.N.Y. 1989). In this case, given that the Complainant is a "limited liability company organized and existing under the laws of Rhode Island," Complaint, ¶2, it cannot seriously argue that Maryland is more convenient to it than Rhode Island. Morales, supra ("Because plaintiff is a resident of Puerto Rico he does not, nor can he, seriously argue that New York is a more convenient forum than Puerto Rico. . . .").

Of the 3 claimants, 2 are Rhode Island residents (Dale and Grinavic) and 1 is an Oregon resident (Borisoff). Rhode Island is thus more convenient than Maryland for 2 of the claimants, and the venue is neutral for the other one. This factor thus leans strongly toward transfer to Rhode Island. It should also be noted that all 4 crew members on the lost vessel were residents of Rhode Island.

With respect to material witnesses, this case involves the loss of a 54 foot long sailboat and its crew. The vessel was coming from St. Thomas, in the Virgin Islands, when it was lost well off the coast of North Carolina. The material witnesses of which the Claimants are aware at this time are scattered around the United States and at least 3 other countries. At this very early stage, the Claimants are aware of the following material witnesses:

Michael and Lynne Borisoff
2809 Baker St.
Baker City, OR 97814

Barrett Carr
Ted Fontaine
Fontaine Design Group/Friendship Yacht Company
92 Maritime Dr.
Portsmouth, RI 02871

Walter M. Cavanagh
Newport, RI

Ronald and Carol Dale
20 Seaview Ave.
N. Kingstown, RI 02852

Tim Dargan
Rhode Island

Jean Pierre DeLutz
France

Cassie Dowd
Virginia

John Duvenet
Colorado

Mary Grinavic
71 Roland Street
Cumberland, RI 02864

Herb Hilgenberg
5468 Hixon Ave
Burlington, ON L7L 3S2
Canada

Ted Hood
Portsmouth, RI

Daniel S. Levine
71 Crestline Rd
Wayne, PA 19087

David A. McBride
Fifth District, Chief of Response
United States Coast Guard
431 Crawford St.
Portsmouth, VA 23703-5004

Rudy Snel
Ottawa, ON
Canada

Ben Tye
England

J. Robinson West
residence unknown, but main business address is Washington, DC

Walter and Helen Zwig
Toronto, ON, Canada

Numerous state and federal agencies involved in the search and rescue, and with respect to weather information, as follows:

Air National Guards of Georgia, New York, North Carolina, and Rhode Island

National Climatic Data Center
Asheville, NC 28801-5001

National Data Buoy Center
Stennis Space Center, MS 39529

National Hurricane Center
Miami, FL 33165-2149

National Weather Service
Silver Spring, MD 20910

United States Air Force
Patrick AFB, FL 32925-3341

United States Air Force
Moody AFB, GA 31699

United States Air Force
Langley, AFB, VA 23665

United States Coast Guard
Airstation Cape Cod
Buzzards Bay, MA 02542

United States Coast Guard
5th Coast Guard District
Portsmouth, VA 23704

Untied States Coast Guard
Commandant (CG-611)
Washington, DC 20593-0001

USCG Headquarters SAR Program
Washington, DC 20593-0001

United States Navy
Naval Air Station
Jacksonville, FL 32212-5000

The residences of Carr, Fontaine, Hood, Cavanagh, and Dargan within the State of Rhode Island are key. Upon information and belief, Fontaine and Hood were the architects/designers of the vessel. Carr is employed by the company that is the successor in interest to the original design company. Cavanagh was the boyfriend of one of the decedents, Rhiannon Borisoff, and sailed on the Flying Colours in 2006. He is familiar with the condition of the vessel the year before the loss, and is aware of what maintenance and repairs were performed on the vessel that year. Dargan is a captain and, upon information and belief, was likely the last person in St.

Thomas to see the vessel and its crew before it departed St. Thomas on April 30. He was familiar with the layout and equipment of the vessel and its condition. These men are all important witnesses. Accordingly, given that the "location of non-party witnesses is determinative." Norfolk Dredging, supra at 537, and that there are many witnesses who reside in neither Maryland, nor Rhode Island, the residence of these witnesses in Rhode Island tips the balance of the equities in favor of transfer to Rhode Island.

While the Claimants are aware that the vessel spent some time in Annapolis, MD, its registered home port with the United States Coast Guard was Washington, DC. See Exhibit A, Coast Guard vessel documentation. Accordingly, the vessel itself had no legal connection with Maryland. The Claimants are not aware of any material witnesses who reside in Maryland. The Complainant will undoubtedly advise the Court that some witnesses and documents can be found in Maryland, but some of the witnesses may well be members, employees or agents of the Complainant, and some of the documents may well be the Complainant's corporate records. Members, employees and agents of the plaintiff corporation are thus not technically non-party witnesses. Further, discovery will undoubtedly reveal many more as yet unknown witnesses who reside outside Maryland and many more documents that will be found outside Maryland.

The availability of process is not an issue. This is a lawsuit in federal court, and all parties would have subpoena power nationwide to compel the attendance of witnesses. The cost of obtaining the presence of witnesses is not an issue. Calendar congestion is not an issue. The Claimants are not aware that either Maryland or Rhode Island are having any significant calendar congestion at this time. There will be no view. The events in issue took place on the high seas, well off of the coast of North Carolina, and the vessel is lost. All of these factors are neutral.

That leaves the relative ease of access to sources of proof and the interests of justice in general. Many documents in this case have been generated by various federal and state agencies. Such documents can often be obtained by mail from the agencies, and, in any event, the agencies in question are, for the most part, not in either Maryland or Rhode Island. Given the locations of the witnesses above, and given that the vessel's home port is Washington, DC, and that it spends quite some time in the Virgin Islands, the Claimants anticipate that far more documents will be found outside Maryland than within the state of Maryland.

The interests of justice thus favor transfer. The Complainant has no formal contacts with the state of Maryland. It is a Rhode Island corporation, and the vessel's home port is Washington, DC. The captain and crew were all Rhode Island residents. 2 of the 3 Claimants are Rhode Island residents. 4 significant non-party witnesses reside in Rhode Island. Many other witnesses and documents are outside the state of Maryland. For all of these reasons, this case should be transferred to Rhode Island.

Respectfully submitted for the Claimants

/s/

**Robert M. Schwartzman, Esq.**
**Trial Bar # 01092**
**RESNICK & SCHWARTZMAN, LLC**
One East Franklin Street, 2nd Floor
Baltimore, MD 21202
Phone (410) 539-6087
Fax (410) 576-0818
rms@rs-atty.com

Carolyn M. Latti, Esq.
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000
clatti@lattianderson.com
dberg@lattianderson.com

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/

Robert M. Schwartzman, Esq.
Trial Bar # 01092
RESNICK & SCHWARTZMAN, LLC
One East Franklin Street, 2nd Floor
Baltimore, MD 21202
Phone (410) 539-6087
Fax (410) 576-0818
rms@rs-atty.com

Dated: July 31, 2007