**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **In the Matter of the Complaint of DRONES MARINE LLC as Owners of "Flying Colours," a 54-foot 1992 Little Harbor recreational sloop, for Exoneration or Limitation of Liability,**<br>**Plaintiff** | * | **Civil No. WDQ 07-1424** |
| **v.** | * | |
| **Michael Borisoff, Personal Representative of the Estate of Rhiannon Borisoff, Carol Dale, Temporary Conservator/Personal Representative of the Estate of Jason H. Franks, Mary Grinavic, Personal Representative of the Estate of Christine Grinavic,**<br>**Defendants** | * | |

JOINT MOTION TO AMEND SCHEDULING ORDER

The parties jointly move to amend the Scheduling Order for the reasons set forth below:

The Court issued a Scheduling Order with the following significant deadlines:

| | |
|---|---|
| September 10, 2007 | move for joinder of additional parties/amendment of pleadings |
| September 25, 2007 | plaintiff's Rule 26(a)(2) disclosures |
| October 25, 2007 | defendants' Rule 26(a)(2) disclosures |
| December 10, 2007 | discovery deadline |
| March 20, 2008 | pretrial conference |

The parties believe that good cause exists to amend the Scheduling Order to extend these and the other deadlines in the Scheduling Order and continue the pretrial conference. This Court has ruled that "'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." Potomac Electric Power Co. v. Electric Motor Supply, Inc., 190 F.R.D. 372,

375 (D. Md. 1999), affirmed in part and reversed in part on other grounds, 262 F.3d 260 (4th Cir. 2001), quoting Dilmar Oil Company, Inc. v. Federated Mutual Insurance Company, 986 F. Supp. 959, 980 (D.S.C. 1997), aff'd by unpublished opinion, 129 F.3d 116 (4th Cir. 1997). In this case, the parties believe that they will not be able to meet the Court's scheduling deadlines, despite their diligent efforts.

This case is a Limitation of Liability proceeding that arises from the loss of a 54 foot sailboat and its crew of 4 on a trip from the US Virgin Islands to Annapolis, MD. As stated in the Claimants' previously filed Motion to Transfer, this case will involve witnesses from a number of different states and possibly several other countries and the US Virgin Islands. The location of witnesses will in itself cause the parties difficulty in obtaining information in that depositions that involve travel to other states and coordinating the schedules of 2 lawyers and the witness are always difficult and time consuming to arrange. Further, given that the vessel was lost at sea, either or both sides to this case may contend that the loss was due to defective equipment on the vessel. Either or both parties may want to add additional parties to this case. However, even if all parties work diligently to accomplish their written discovery, it is going to take some time to figure out exactly what equipment was on the vessel at the time that it departed the Virgin Islands on April 30, 2007. The Petitioner believes at this time that some records regarding the vessel's equipment were on the vessel. It will then take some additional time for the parties to analyze the evidence adduced to date simply in order to determine whether additional parties should be added. Given these facts and likelihoods, the parties respectfully believe that they will not be able to meet the above deadlines.

It should also be noted that both of the Claimants' lead counsel, David J. Berg and Carolyn M. Latti, whose motions for admission pro hac vice have been just filed, have severe

scheduling difficulties over the next 3 months that will limit their involvement in this case. Ms. Latti will be co-counsel on two 2 week long trials in the United States District Court in Massachusetts during September and early October. She will have little ability to do any work on this case from late August through early October. Mr. Berg is getting married on October 20, and will be taking a 2 week honeymoon thereafter. He thus will be unable to perform any work on the case from mid October through early November.

Claimants have filed a motion to transfer this case to the District of Rhode Island, and petitioner's response is due August 17, 2007. Given the complexity of this matter and the number of potential witnesses that are being identified, the parties have agreed that the response deadline should be extended to September 7, 2007. The parties respectfully submit their joint request that the Court enter a revised scheduling order that includes the following deadlines:

September 7, 2007 Response to Claimants' motion to transfer venue

January 11, 2008 Motion for joinder of additional parties/amendment of pleadings

January 25, 2008 Claimants' Rule 26(a)(2) expert disclosures

February 25, 2008 Petitioner's Rule 26(a)(2) expert disclosures

March 10, 2008 Claimants' rebuttal disclosures

April 11, 2008 Discovery deadline/submission of status report

April 18, 2008 Requests for admission

May 23, 2008 Dispositive motions

WHEREFORE, the parties respectfully request that, due to the nature of this case and the schedule of the Claimants' lead counsel, the Court extend all deadlines in this case as set forth above, and reschedule the date of the Pretrial Conference to a date commensurate with the revised deadlines.

Respectfully submitted for the Plaintiff/Petitioner,

/s/

Stephen M. Calder, Esq.
Palmer Biezup & Henderson LLP
956 Public Ledger Building
Independence Mall West
Philadelphia, PA 19106-3409
215-625-9900
215-625-0185 – fax
scalder@pbh.com

Respectfully submitted for the Defendants/Claimants,

/s/

Robe**rt M. Schwartzman, Esq.**
**Trial Bar # 01092**
**RESNICK & SCHWARTZMAN, LLC**
One East Franklin Street, 2nd Floor
Baltimore, MD 21202
Phone (410) 539-6087
Fax (410) 576-0818
rms@rs-atty.com

Carolyn M. Latti, Esq.
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000
clatti@lattianderson.com
dberg@lattianderson.com

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/

Robert M. Schwartzman, Esq.
Trial Bar # 01092
RESNICK & SCHWARTZMAN, LLC
One East Franklin Street, 2nd Floor
Baltimore, MD 21202
Phone (410) 539-6087
Fax (410) 576-0818
rms@rs-atty.com

Dated: August 14, 2007