**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **In the Matter of the Complaint of DRONES MARINE LLC as Owners of "Flying Colours," a 54-foot 1992 Little Harbor recreational sloop, for Exoneration or Limitation of Liability, Plaintiff** | * | **Civil No. WDQ 07-1424** |
| **v.** | * | |
| **Michael Borisoff, Personal Representative of the Estate of Rhiannon Borisoff, Carol Dale, Temporary Conservator/Personal Representative of the Estate of Jason H. Franks, Mary Grinavic, Personal Representative of the Estate of Christine Grinavic, Defendants** | * | |

DEFENDANTS/CLAIMANTS' REPLY TO PLAINTIFF/PETITIONER'S RESPONSE TO MOTION TO TRANSFER CASE TO THE DISTRICT OF RHODE ISLAND

The Defendants/Claimants, Michael Borisoff, Carol Dale, and Mary Grinavic, respond to the Plaintiff/Petitioner's objection to the motion to transfer as follows.

The Defendants/Claimants would like to point out to the Court that the Petitioner's response to the motion is more notable for what it did not say than for what it did say. It listed no witnesses in this case who actually reside in the District of Maryland. It listed no documents in this case that actually could be found within the District of Maryland other than possible repair records at Hinckley's Maryland shipyard. It did not even state that relevant repair records could indeed be found at Hinckley's Maryland facility. For example, it is most likely of no consequence to this case if, hypothetically, the vessel's toilet and nothing else was repaired at Hinckley's Maryland facility. The petitioner criticized the claimants for failing to give specific addresses and affidavits of witnesses. This is early in the case, but at least the claimants gave a

multi-page list of names and states of residence, which the petitioner condemned as being a tacit admission of the alleged weakness of the claimants' argument, "as they are compelled to concede that 'the material witnesses . . . are scattered around the United States and at least 3 other countries." Such a claim is a red herring. The list of witnesses was just to show that the relevant witnesses in this case are truly everywhere but Maryland. The claimants' focus, as it should have been, was on the witnesses who reside in Rhode Island. In re Norfolk Dredging Co., 240 F. Supp. 2d 532, 537 (E.D. Va. 2002). The petitioner's claim that this factor is not determinative is not supported by the treatises and case law. 17 Moore's Federal Practice, §111.13[1][f][i] (Matthew Bender 3d ed.) ("The convenience of witnesses has been called 'the most powerful factor governing the decision to transfer a case.").

In contrast, the petitioner has given the Court nothing – no list of witnesses, no location of documents. The best argument that the petitioner could make on this subject is that "witnesses and documents pertaining to this vessel and its history are located in and near the District of Maryland and this forum is convenient for the petitioner." Response, p. 3.

However, the petitioner also conceded right above that argument that "this District is convenient to the vessel's 'hailing port' and the owner's place of business where financial records and documents pertaining to the Flying Colours are kept and where the company's principal, J. Robinson West, and his assistant and custodian of records, Kathy Dowd, maintain their offices." This location is of course the District of Columbia. It seems that the petitioner's argument is, instead of an argument in favor of keeping the case in Maryland, actually an argument in favor of transfer to the District of Columbia.

In any event, the petitioner did not address the claimants' point that, by definition, the district of Rhode Island is presumed to be the most convenient venue for the petitioner since it is

a Rhode Island corporation. Caddy Products, Inc. v. American Seating Company, 2005 U.S. Dist. LEXIS 21871, 4 (D. Minn. 2005); Morales v. Navieras de Puerto Rico, 713 F.Supp. 711, 713 (S.D.N.Y. 1989). Moreover, contrary to the petitioner's claim on page 4 of its reply, because the petitioner has no contact with the state of Maryland, its choice of forum is not entitled to "substantial weight." Tse v. Apple Computer, Inc., 2006 U.S. Dist. LEXIS 68451, 7-8 (D. Md. 2006) (a plaintiff's choice of forum is not entitled to substantial weight "when either (i) the chosen forum is not the plaintiff's home, or (ii) the chosen forum has little or no connection to the events giving rise to the litigation."). Further, because Maryland has little connection to this case, the petitioner's choice of forum has little weight. Id.; Lynch v. Vanderhoef Builders, 237 F. Supp. 2d 615, 617 (D. Md. 2002); Verosol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 592 (E.D. Va. 1992) ("However, when, as here, a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to such substantial weight."); Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 990 (E.D.N.Y. 1991) ("However, where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same "great weight" and in fact is given reduced significance.").

WHEREFORE, the Claimants Borisoff, Dale, and Grinavic respectfully request that this case be transferred to the United States District Court for the District of Rhode Island.

Respectfully submitted for the Defendants,

__________/s/_______________

Robert M. Schwartzman, Esq.
Trial Bar # 01092
RESNICK & SCHWARTZMAN, LLC
One East Franklin Street, 2nd Floor
Baltimore, MD 21202
Phone (410) 539-6087
Fax (410) 576-0818
rms@rs-atty.com

__________/s/_______________

Carolyn M. Latti, Esq.
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000
clatti@lattianderson.com
dberg@lattianderson.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

__________/s/_______________

Carolyn M. Latti, Esq.
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000
clatti@lattianderson.com
dberg@lattianderson.com

Dated: August 27, 2007