**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

*******************************************

**In the Matter of the Complaint of DRONES MARINE LLC as Owners of "Flying Colours," a 54-foot 1992 Little Harbor recreational sloop, for Exoneration or Limitation of Liability,**
**Petitioner**

**v.**

**Michael Borisoff, Personal Representative of the Estate of Rhiannon Borisoff, Carol Dale, Temporary Conservator/Personal Representative of the Estate of Jason H. Franks, Mary Grinavic, Personal Representative of the Estate of Christine Grinavic,**
**Claimants**

*******************************************

**Case 1:07-cv-00396-ML-DLM**

CLAIMANTS' STATEMENT OF THE CASE

This is a limitation of liability case that arose out of the loss of the F/V Flying Colours and its crew of 4 on May 7, 2007. The vessel had departed from the U.S. Virgin Islands on April 30, 2007, and was on a trip to Annapolis, Maryland, when it encountered an early season storm, Tropical Storm Andrea. The Claimants understand that the Petitioner customarily sent the vessel to the Caribbean for the winter and brought it back to the East Coast for the summer, but have no further information at this time as to what uses the Petitioner made of the vessel.

For the trip in question, the vessel had a captain and 3 crew members. The captain's estate is not a party to this litigation. The vessel's EPIRB went off several times in the early morning of May 7, 2007, but the vessel was never seen or heard from again. The Coast Guard, the Air Force, and several Air National Guards performed an extensive multi-day search and rescue operation, but were unable to locate the vessel, its crew, or any debris from the vessel.

The legal issues in this case are the standard issues in a limitation case, i.e., the Petitioner's negligence, the Claimants' comparative negligence, the unseaworthiness of the vessel, the Petitioner's privity and knowledge as to any negligent and/or unseaworthy conditions, and the Claimants' damages. The Claimants expect that they will meet their burden of proof through discovery of the vessel's condition prior to its departure on its final trip, through the Petitioner's knowledge of the vessel's condition, and through witnesses. The Claimants anticipate that this evidence will come from witness testimony as to the vessel's condition and the vessel's repair records.

The Claimants believe that the major factual issues in this case will be greatly disputed. These are issues like the condition of the vessel as of the time that it left port on its final trip, the nature and extent of any recent repairs to the vessel, the weather in the area of the vessel around the time of the loss of the vessel, the forecasts available to the crew during the trip, the reasons for the loss of the vessel, any communications between the vessel and the Petitioner during the trip in question, the Petitioner's instructions to the vessel's captain, the Petitioner's knowledge of the vessel's condition and seaworthiness as of the time that the vessel left on its final trip, the course of events during the trip in question, and the Claimants' damages. The Claimants have no significant information as to the liability issues at this time. They anticipate that many of these issues will be cleared up during the course of discovery. As far as damages, all of the Claimants' decedents were single, with no dependants as far as the Claimants are aware. Thus, it is likely that the Claimants' damages will be limited to conscious pain and suffering.

Respectfully submitted for the Claimants,

/s/ Merlyn P. O'Keefe
Merlyn P. O'Keefe, Esq.
Trial Bar # 2439
238 Robinson Street, 2nd Floor
Wakefield, RI 02879
401-789-4850
silveroar@gmail.com

/s/ Carolyn M. Latti
Carolyn M. Latti, Esq.
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000
clatti@lattianderson.com
dberg@lattianderson.com

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ David J. Berg
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000
dberg@lattianderson.com

Dated: January 24, 2008