**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In the Matter of the Complaint of DRONES MARINE LLC as Owners of "Flying Colours," a 54-foot 1992 Little Harbor recreational sloop, for Exoneration or Limitation of Liability, Petitioner** | * | **Case 1:07-cv-00396-ML-DLM** |
| **v.** | * | |
| **Michael Borisoff, Personal Representative of the Estate of Rhiannon Borisoff, Carol Dale, Temporary Conservator/Personal Representative of the Estate of Jason H. Franks, Mary Grinavic, Personal Representative of the Estate of Christine Grinavic, Claimants** | * | |

CLAIMANTS' MOTION TO EXTEND DISCOVERY DEADLINES AND
TO CONTINUE SETTLEMENT CONFERENCE

NOW COME the Claimants, and state as follows:

This case was transferred from the District of Maryland. An initial scheduling conference was held in this Court on January 31, 2008. At that conference, the Court set the following deadlines (which were slightly amended by subsequent order of the Court):

Claimants' Expert Disclosures by June 2, 2008

Petitioner's Expert Disclosures by July 1, 2008

Discovery by August 29, 2008

Dispositive Motions by September 15, 2008

The Court then scheduled a Settlement Conference for June 10, 2008.

The Claimants respectfully request that these deadlines be extended for 3 months, and that the Settlement Conference be continued for 3 months because the Claimants will need time

for additional discovery before they would be able to provide a meaningful and legally sufficient expert disclosure, for the following reasons.

The Claimants had propounded interrogatories and requests for production of documents upon the Petitioner by letter dated September 7, 2007, when the case was still in the District of Maryland. However, the Claimants did not receive the Petitioner's responses to the Claimants' written discovery until March 14, 2008. Upon review of these responses, the Claimants then issued 7 Keeper of the Records deposition notices on March 24, 2008 to various contractors and telecommunications providers for the Petitioner's vessel. Despite the fact that the notices set forth a deposition date of April 18, 2008, not all of the deponents have responded as of this date.

By email dated February 25, 2008, counsel for the Claimants asked counsel for the Petitioner to advise as to potential dates for a 30b6 deposition of the Petitioner and of Petitioner's principal, J. Robinson West, and his secretary Kathy Dowd. Counsel for the Petitioner responded by email dated March 4, 2008, and requested that Claimants' counsel advise as to when they would be available after April 12. Claimants' counsel did so by email dated March 7, 2008. By email dated March 13, 2008, counsel for the Petitioner then advised that the first date that Mr. West and Ms. Dowd would be available was April 24. Because counsel for the Claimants responded that they were not available on that date, counsel for the Petitioner advised that Mr. West and Ms. Dowd would be available on May 20-22, 2008. The depositions were then scheduled for May 22, 2008, which is only one and a half weeks before the Claimants' expert disclosure deadline.

Because this case involves the sinking of a vessel which was never found, the condition of the vessel before it departed on its final voyage is significant to the Claimants' case. Through interrogatories, the Claimants sought the specific identification (i.e., make, model number, serial

number, date of purchase, and date of last inspection) of all of the navigation, communications and survival equipment that was on board the vessel as of the day that it left on its final trip. The Petitioner's answers to these interrogatories stated that this information was "maintained on the vessel and therefore [is] lost." The Petitioner's answers to interrogatories included nothing more than a simple listing of the equipment, without any identifying information. While it is possible that the Claimants will learn more at the Petitioner's deposition, it is more likely that they will have to develop the information as to the specifics of this equipment through additional subpoenas of the vessel's repair records and through depositions of persons familiar with the vessel.

Accordingly, the Claimants anticipate at this time that they will need to take at least 6-7 additional depositions of fact witnesses in order to attempt to get additional information as to the condition of the vessel before its final trip and to be able to provide a meaningful and legally sufficient expert disclosure. At this time, these witnesses include a former captain of the vessel, 4 former crew members, and the vessel's mechanics. The Claimants may need to take additional depositions based on the results of future discovery. At least 3 of the witnesses that the Claimants seek to depose at this time reside in Rhode Island, one is in Maryland, one is in Colorado, and the current residences of the other 2 are unknown at this time. The depositions will thus involve travel for either or both law firms. They will undoubtedly take some time to arrange, especially given that they will take place during the summer when counsel and the deponents may be taking vacations and given that the Petitioner's depositions will not occur for 3 months after the Claimants first sought the depositions.

The Claimants believe that justice and equity support the granting of this motion. They make this request because of necessity and not for the purposes of delay. Counsel for the

Claimants contacted counsel for the Petitioner, and proposed that the parties file a joint motion to request this relief, but was advised that the Petitioner takes "no position on [the Claimants'] request that the Court extend all deadlines, either in favor of or in opposition to [the Claimants'] request." The Claimants have thus filed the instant motion, which seeks the identical relief as was proposed in the joint motion. The Claimants have, however, set forth additional facts and argument in support of their motion simply because this is now an unassented to motion, and thus the Claimants must present all of the relevant circumstances to the Court.

WHEREFORE, the Claimants respectfully request that:

A. The above deadlines be extended as follows:

Claimants' Expert Disclosures by September 2, 2008

Petitioner's Expert Disclosures by October 1, 2008

Discovery due by November 29, 2008

Dispositive Motions due by December 15, 2008, and

B. The Settlement Conference be continued until some date in September, 2008, that is agreeable to the Court's schedule.

Respectfully submitted for the Claimants,

/s/ Merlyn P. O'Keefe___
Merlyn P. O'Keefe, Esq.
Trial Bar # 2439
238 Robinson Street, 2nd Floor
Wakefield, RI 02879
401-789-4850
silveroar@gmail.com

/s/_Carolyn M. Latti
Carolyn M. Latti, Esq.
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000
clatti@lattianderson.com
dberg@lattianderson.com

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ David J. Berg
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000
dberg@lattianderson.com

Dated: May 6, 2008